*604 OPINIOÍT.
Lansdon :
The only question here is whether the petitioner in the circumstances set forth in our findings of fact had the right to accrue the additional royalties for which, under its license contract, it became liable in the respective taxable years as ordinary expenses for such years. The respondent disallowed such accruals as deductions because from the nature of the transaction it was impossible to reduce the liability to figures at the close of each of such respective years, and *605 because there was no proof that the petitioner had accepted liability for such royalties.
The petitioner admits the invoices for additional royalties were not paid until some time after their receipt. It proves to our satisfaction, however, that such delay in payment was not based on any doubt or dispute over its liability for the accrued amounts, but was for other reasons which need not be recited here. The additional royalties were obligations of the petitioner under its contract with the General. Electric Co. and were expenses incident to the production of income in the years in which the quota of sales was exceeded. The amounts of such royalties were determined shortly after the close of the respective years and when ascertained were properly accrued on the books of the petitioner as ordinary and necessary business expenses for such year. Cf. United States v. Tale & Towne Mfg. Co., 269 U. S. 422. On this point the respondent is reversed.
At the hearing the petitioner abandoned its appeal as to the year 1920 and we, therefore, approve the determination of the respondent as to that year.

Decision will he entered wider Rule 50.